IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN WEINBERG, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-99-CV-1432-D |
| | § | |
| HOWARD SILBER, ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Howard Silber ("Silber") has filed a motion to compel post-judgment discovery and for sanctions against Steve Weinberg and Weinberg & Associates, Inc. ("Weinberg") and their attorney, Ira Tobolowsky. At issue is: (1) whether Weinberg should be required to produce documents and answer interrogatories; and (2) whether the court should modify the protective order previously entered in this case. The parties have briefed their respective positions in a joint status report filed on March 28, 2006, and the motion is ripe for determination.

The court initially observes that Weinberg denies the existence of certain documents and maintains that other documents have been or will be produced. (*See* RFP # 2, 11, 12, 14, 16, 19, 23, 24, 28, 31, 33, 35, 36, 38, 39, 40, 41, 44, 46, 47, 50, 52, 54, 55, 57, 58, 61, 62 & 81). Silber questions the veracity of this response, accusing Weinberg of fraudulently transferring assets to Sports at Work Enterprises, Inc. ("SAW"), a company owned by Weinberg's wife, and to an offshore asset protection trust on the Isle of Nevis. (*See* Jt. Stat. Rep. at 3). To the extent Silber has requested documents pertaining to these alleged transfers and such documents are in Weinberg's possession, custody or control, the court assumes they have been or will be produced. Silber may depose Weinberg at a later date and inquire further into this matter. If Silber can prove that

Weinberg or his attorney concealed responsive documents or otherwise failed to comply with their discovery obligations, the court will not hesitate to impose sanctions.

Weinberg objects to the production of documents evidencing his compliance with "the Amended Final Judgment" entered in this case and evidencing or relating to "the California Action," "the California Assignment Action," "the Colorado Garnishment Action," "the Florida Garnishment Action," "the Illinois Garnishment Action," "the Nebraska Garnishment Action," "the Silber Judgment," and "the Texas State Garnishment Action." (*See* RFP # 63, 64, 65, 66, 67, 68, 69, 70, 72 & 73). The court agrees that these document requests are overly broad and vague as drafted. Similarly, Silber's requests for copies of all lawsuits filed by Weinberg during the past five years (RFP #74), communications between Weinberg and anyone else regarding the Silber Judgment (RFP #75), plane reservations, tickets, or itineraries from 1999 to the present (RFP #80), copies of all checks paid as a retainer in any litigation during the past six years (RFP #81), and documents pertaining to dealings between Weinberg and the NFLPA (RFP #71, 76, 82 & 83) are either overly broad, seek privileged information, or have no apparent relevance to this post-judgment collection proceeding. Weinberg's objections to these document requests are sustained.

The court reaches a different conclusion with respect to Weinberg's tax returns from 1999 to the present. (RFP #10). These tax returns and supporting schedules are reasonably calculated to lead to the discovery of information that may assist Silber in locating assets subject to execution. Weinberg shall produce these documents to Silber on or before **April 14, 2006.**

Silber accuses Weinberg of failing to answer or falsely answering certain interrogatories (Interrog. # 1, 2, 5, 9, 10, 11, 16, 20-31) and providing incomplete answers to other interrogatories (Interrog. # 3, 6, 8, 15). Without additional information, the court cannot say that any of the interrogatory answers are false. However, Weinberg has failed to fully answer Interrogatory Nos. 3, 6, 8 and 15. In addition, the information requested in Interrogatory Nos. 5, 9, 10 and 11 is

discoverable. Weinberg shall provide full and complete answers to these interrogatories on or before **April 14, 2006.** With respect to the contention interrogatories propounded by Silber (Interrog. #20-31), the court determines that the information requested is more appropriately obtained by way of deposition. Weinberg is not required to answer these interrogatories.

The only remaining substantive issue involves the terms of the protective order to be entered by the court. Silber maintains that post-judgment discovery should proceed under an existing protective order entered in April 2002. Weinberg wants the order modified to prohibit Silber from disseminating or disclosing documents and information to the NFLPA. The court finds good cause for the modification suggested by Weinberg and directs the parties to draft an appropriate protective order. An agreed order, approved and signed by the parties or their attorneys, shall be hand delivered to the chambers of the magistrate judge by **April 7, 2006.**

Weinberg has agreed to produce documents responsive to Request Nos. 3, 4, 13, 17, 20, 21, 22, 26, 27, 51, 56, 59, 60, 77 and 79 upon the entry of an appropriate protective order. (*See* Jt. Stat. Rep. at 2). These documents shall be produced to Silber on or before **April 14, 2006.**

Silber's request for sanctions, including costs and attorney's fees, is denied.

SO ORDERED.

DATED: March 29, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE